IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 23-16 |
| ALEKSANDRA RADOMIAK, : | |
| a/k/a "Ola" : | |

MEMORANDUM

**Schmehl, J.**   /s/JLS                                                                                         August 7, 2025

Before the Court is the Motion to Dismiss RICO Conspiracy Count of Defendant, Aleksandra Radomiak, in which she seeks dismissal of Count One of the Indictment against her. The government opposed the motion, and argument was held.

I. **STATEMENT OF FACTS**

Pursuant to a 42-count indictment, a grand jury charged twelve defendants with a variety of crimes. Defendant Aleksandra "Ola" Radomiak has moved to dismiss Count One (RICO conspiracy) of the Indictment, arguing it fails to allege she knowingly agreed to commit any acts intended to further the Savani Group enterprise. Alternatively, Radomiak contends Count One is barred as to her by the statute of limitations because she is only referenced in one overt act, and that overt act occurred in 2016. Finally, should the Court find Count One properly alleges a RICO conspiracy as to Radomiak, she requests that it direct the government to file a Bill of Particulars identifying acts she committed to further the Savani Group criminal enterprise.

II. **STANDARD OF REVIEW**

"An indictment is an accusation only, and its purpose is to identify the defendant's alleged offense ... and fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have." *United States v. Stansfield*, 171 F.3d 806, 812 (3d Cir. 1999)

6

(quotations and citations omitted). An indictment is sufficient under Rule 7 if it: (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007), *quoting United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007).

Rule 12 permits a defendant to move to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3). To prevail on such a motion, a defendant must show that the indictment, on its face, fails to charge an essential element of the crime. *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). In evaluating a Rule 12 motion to dismiss, the district court must generally accept as true the factual allegations in an indictment. *United States v. Menendez*, 831 F.3d 155, 159 (3d Cir. 2016); *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) ("On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense.").

### III. DISCUSSION

Radomiak argues Count One of the Indictment fails to allege a RICO conspiracy offense against her. (ECF No. 392). Specifically, Count One of the Indictment alleges that "[f]rom in or about February 2009 through in or about November 2021," Radomiak conspired with the Savani brothers and Defendants Dhyllon and Philip to participate directly or indirectly in the conduct of a racketeering enterprise through a pattern of five categories of racketeering activity: 1) a visa fraud scheme; 2) a healthcare wire fraud scheme; 3) a money laundering scheme in violation of 18 USC § 1956; 4) a money laundering scheme in violation of 18 USC §

1957; and 5) an Osseolink mail fraud scheme. Radomiak argues the RICO conspiracy charge against her should be dismissed because the Indictment fails to allege any facts showing she knowingly agreed to commit any acts intended to further the allegedly criminal Savani Group enterprise. (ECF No. 392, p. 1).

In support of her argument, Radomiak notes she is referenced in only five paragraphs and one overt act related to the RICO conspiracy charge. (ECF 392, p. 2). With respect to the supervisory billing fraud (a subset of the alleged health care fraud scheme), the Indictment alleges this scheme was accomplished "with the assistance of defendant Aleksandra Radomiak." (Indictment ¶ 78). The overt act alleged against Radomiak, also relating to the supervisory billing scheme, concerns an e-mail on which she is carbon copied and in which a directive is attributed to her. (Indictment, Overt Act 46). The Indictment also alleges Radomiak worked "in some capacity" on the Osseolink mail fraud scheme (Indictment ¶ 136) and provides two emails on which she was carbon copied to support this allegation. (Indictment ¶¶ 176, 180). Radomiak contends these allegations are wholly insufficient to support the charge. (ECF No. 392, p. 1).

An "indictment is sufficient when it (1) contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and (2) allows him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. John-Baptiste*, 747 F.3d 186, 195 (3d Cir.2014) (citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962) and *Hamling v. United States*, 418 U.S. 87, 117, (1974) (quotations omitted)). An indictment must allege more than the essential elements of the offense, but "[n]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir.2012) (internal citations omitted). "The specificity required for an indictment to have sufficient factual orientation ... is not particularly onerous."

*John-Baptiste*, 747 F.3d at 196 (internal quotations omitted). In *John–Baptiste,* an indictment charging racketeering extortion among other crimes did not identify the alleged victims, although it "could easily have" done so, but the indictment was sufficiently specific because it "adequately specified the period in which the alleged crimes occurred and set forth enough specificity about the crimes charged to protect against" a subsequent prosecution. 747 F.3d at 196.

As discussed below, the Court finds the Indictment provides "sufficient factual orientation" as to the RICO conspiracy charge to allow Radomiak to prepare her defense and invoke double jeopardy, and the charge is not barred as to her by the statute of limitations. Accordingly, Radomiak's Motion to Dismiss RICO Conspiracy Count will be denied, and she is not entitled to a Bill of Particulars.

The Indictment properly alleges a RICO conspiracy charge as to Radomiak, because despite her argument that the allegations are only supported by the fact that she was "carbon copied on a few e-mails," paragraph 10 of Count One of the Indictment alleges she:

> was an employee of the SAVANI GROUP initially employed as a foreign worker in a "specialty occupation" under the H-1B visa program. Among other roles, she worked as a dental practice manager, held equity interests in SAVANI GROUP companies, and over time, held a trusted role in the management and operation of SAVANI GROUP dental practices.

The RICO conspiracy provision is broad, applying "'even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.'" *United States v. Fattah*, 914 F.3d 112, 162 (3d Cir. 2019), quoting *Salinas v. United States*, 522 U.S. 52, 63–64 (1997) (citations omitted). The Indictment alleges Radomiak had equity interests in Savani Group companies, managed dental practices instrumental to the Medicaid fraud, directed lower-ranking employees, members, and

6

associates of the enterprise to engage in supervisory billing, and was part of the management group related to the Osseolink fraud scheme.

The substantive RICO provision, 18 U.S.C. § 1962(c), provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

The RICO conspiracy provision, 18 U.S.C. § 1962(d), provides, in turn: "It shall be unlawful to conspire to violate [§ 1962(c)]." Therefore, to properly allege a RICO conspiracy, the government must allege the following elements:

(1) that two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity;

(2) that the defendant was a party to or member of that agreement; and

(3) that the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity.

*United States v. John-Baptiste*, 747 F.3d 186, 207 (3d Cir. 2014).

The RICO conspiracy statute permits the government to prosecute individuals who have not overtly committed any of the predicate acts of racketeering if it proves the defendant "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense." *Salinas*, 522 U.S. at 65.

The term "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In *United States v. Turkette*, 452 U.S. 576 (1981), the Supreme Court held the enterprise and pattern of racketeering elements of RICO are separate elements, and that an association-in-fact enterprise, as the Savani Group is alleged to be, "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various

associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise." *Id.* at 583. In *Boyle v. United States*, 556 U.S. 938, 940-941 (2009), the Supreme Court clarified that an association-in-fact enterprise has three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id*. at 946.

      A wide variety of both direct and circumstantial evidence can properly establish that members of an enterprise operated together in a coordinated manner in furtherance of a common purpose, such as the length of time members have been associated, financial ties, coordination of activities, shared interests and objectives, and the interlocking nature of the schemes. *United States v. Davidson*, 122 F.3d 531, 535 (8th Cir. 1997) ("The length of these associations, the number and variety of crimes the group jointly committed, and [defendant]'s financial support of his underlings demonstrate an ongoing association with a common purpose to reap the economic rewards flowing from the crimes, rather than a series of ad hoc relationships"); *United States v. Elliott*, 571 F.2d 880, 898 (5th Cir. 1978) ("A jury is entitled to infer the existence of an enterprise on the basis of largely or wholly circumstantial evidence.").

      Clearly, Radomiak would qualify as "employed by" the Savani Group enterprise, as she is alleged to have been a trusted high-level manager in the group. Her role in the enterprise, as alleged in the indictment, provides a sufficient basis to support the RICO conspiracy charge. It strongly suggests she would have had knowledge of the alleged supervisory billing fraud and Osseolink mail fraud schemes and agreed to play a role in furthering the schemes. The allegations in the Indictment concerning e-mails related to the fraudulent schemes on which she was carbon copied simply serve to support the inference that, based on her management role, she was a knowing participant in furthering the shared goals of the allegedly criminal Savani Group

enterprise. At this stage, accepting the Indictment as true, the government has properly alleged a RICO conspiracy charge against Radomiak.

Radomiak's statute of limitations argument for dismissal also fails. The statute of limitations for a RICO conspiracy charge is five years. *See* 18 U.S.C. § 3282. She argues Count One is time-barred as to her because the only overt act attributed to her allegedly occurred over six years before the Indictment was brought against the defendants. (ECF No. 392, p. 7). This argument fails because the government is not required to prove that she committed any overt act. *Salinas*, 522 U.S. at 63-64. The statute of limitations period does not begin to run until the conspiracy offense has ended or the defendant has withdrawn from the conspiracy. *Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1168 n.1 (3d Cir. 1995). The Indictment alleges the conspiracy offense ended in November 2021, and the grand jury returned the Indictment in January 2023, occurring well within the 5-year statute of limitations. (ECF No. 415, p. 11). In her motion, Radomiak also did not present any facts or argument as to an alleged withdrawal from the conspiracy. Therefore, accepting the Indictment as true, Count One is not time-barred as to Radomiak.

Lastly, Radomiak is not entitled to a Bill of Particulars because the government properly alleged a RICO conspiracy charge against her. The Indictment contains the elements of the offense intended to be charged, sufficiently apprises Radomiak of what she must be prepared to meet and allows her to show with accuracy to what extent she may plead a former acquittal or conviction in the event of a subsequent prosecution.

### IV.    CONCLUSION

For the foregoing reasons, Defendant Radomiak's Motion to Dismiss RICO Conspiracy Count will be denied. An appropriate order follows.